WO                                                                                          KAB

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | No.  CV 13-2030-PHX-GMS (DKD) |
|---|---|
| Plaintiff, | CR 89-178-004-PHX-GMS |
| vs. | **ORDER** |
| Gary Patrick Callahan, | |
| Defendant/Movant. | |

Movant Gary Patrick Callahan, who is confined in the Federal Correctional Institution in Seagoville, Texas, filed a pro se "Motion Pursuant to Rule 60(b)(6)."[1] The Court will deny the motion and dismiss this case.

## I.    Background

On February 4, 1993, after a jury trial, Movant was convicted of conspiracy to possess with intent to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846.  On May 24, 1993, the Court sentenced Movant to a 330-month term of imprisonment followed by five years on supervised release.  On May 22, 1995, the Ninth Circuit Court of Appeals affirmed Movant's conviction and sentence.  *U.S. v. Akers*, Nos. 93-10325, 93-10399, 56 F.3d 73 (9th Cir. 1995).

On March 12, 1997, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set

---

[1]   To facilitate the opening of this case, the Clerk of the Court labeled the Motion a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" on the Court's docket.

Aside, or Correct Sentence by a Person in Federal Custody.  On July 5, 2000, the Court denied the § 2255 Motion and judgment was entered.  On July 17, 2000, Movant moved to alter or amend the § 2255 judgment and the Court granted the motion in part, to allow further briefing on one of the issues raised in the motion to alter or amend the judgment. On April 3, 2002, the Court denied the Motion to Alter or Amend the Judgment.  On June 24, 2004, the Ninth Circuit Court of Appeals affirmed the § 2255 judgment in part, vacated in part, and remanded for an evidentiary hearing based on Movant's ineffective assistance of counsel claims.  *U.S. v. Callahan*, No. 02-15960, 102 Fed. Appx. 608 (9th Cir. 2004).

On February 14, 2005, Movant filed a Motion for Relief from the § 2255 Judgment.   On June 23, 2005, the Court held an evidentiary hearing in accordance with the Court of Appeals' mandate.   On February 2, 2006, the Court denied the § 2255 motion and denied the Motion for Relief from Judgment.  On August 6, 2008, the Ninth Circuit Court of Appeals' affirmed the § 2255 judgment.  *U.S. v. Callahan*, No. 06-15321, 286 Fed. Appx. 521 (9th Cir. 2008).

On November 1, 2010, Movant filed a Motion for Downward Departure of Sentence pursuant to 18 U.S.C. § 3582(c)(2).  On December 17, 2010, the Court denied the Motion for Downward Departure of Sentence and, on October 27, 2011, the Court of Appeals affirmed that decision.  *U.S. v. Callahan*, No. 10-10611, 455 Fed. Appx. 766 (9th Cir. 2011).

**II.     Motion for Relief from Judgment under Rule 60(b)**

On October 4, 2013, Movant filed the instant "Motion Pursuant to Rule 60(b)(6)." In his Motion, Movant states that he raises "objections against the consequences of a prior sentencing judgment this Court rendered on May 24, 1993, and which it reinforced subsequent to an evidentiary hearing held on June 23, 2005.  [The] sentencing proceeding was based upon plain error."  (CR 89-178-PHX-GMS, Doc. 981 at 1).  Movant further states that he does not "challenge [his] <u>conviction</u> under any constitutional grounds, but rather the <u>sentencing</u> proceeding."  (*Id.*at 2) (emphasis in original).

"A federal prisoner who is 'claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States,' 28 U.S.C. § 2255(a), may file a § 2255 motion with the district court that imposed the sentence." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). "As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Id.* (quoting *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Further, "[a] petitioner is generally limited to one motion under § 2255 and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *Id.*

Section 2255(h) provides that a second or successive motion cannot be considered unless it has first been certified by the court of appeals to contain either "'(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense,' or (2) 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id.* (quoting 28 U.S.C. § 2255(h)).

Once a § 2255 motion has been denied, federal prisoners sometimes characterize a subsequent motion challenging their convictions or sentences as seeking relief from judgment under Rule 60(b)[2] in order to circumvent § 2255(h). *Id.* at 1059-60. When a

---

[2]   Under Rule 60(b), a movant may seek relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Thus, clauses (1) through (5) provide specific reasons for granting relief, while clause (6) acts as a catch-all allowing the court to grant relief for "any other reason justifying relief from the operation of the judgment." *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004) (citing Fed. R. Civ. P. 60(b)).

Rule 60(b) motion is actually a disguised second or successive § 2255 motion, it must meet the criteria set forth in § 2255(h).  *Id.* at 1059-60 (citation omitted).

As explained in *Washington*,

> [T]he Supreme Court has not adopted a bright-line rule for distinguishing between a bona fide Rule 60(b) motion and a disguised second or successive § 2255 motion, instead holding that a Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings" is not a disguised § 2255 motion but rather "has an unquestionably valid role to play in habeas cases."

653 F.3d at 1059 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532, 534 (2005)). However, "a motion that does not challenge 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably,' is raising a 'claim' that takes it outside the purview of Rule 60(b)."  *Id.* at 1063 (citations omitted).

Movant's Rule 60(b) motion does not challenge the integrity of his § 2255 proceedings.  Rather, he seeks to challenge his sentence.  Movant states that the U.S. Supreme Court's decisions in *In re Winship*, 397 U.S. 385 (1970), *Ivan v. City of New York*, 407 U.S. 203 (1972), *Jones v. United States*, 526 U.S. 227 (1999), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 253 (2004), *United States v. Booker*, 543 U.S. 220 (2005), and, expressly, *Alleyne v. United States*, 133 S.Ct. 2151 (2013), demonstrate that his sentencing proceeding was "in plain error."

Because Movant does not point to anything that happened in his prior § 2255 proceeding that rendered its outcome suspect, he fails to allege or show any basis for relief in connection with that proceeding pursuant to Rule 60(b).  Rather, Movant seeks to bring a new claim for relief, which is wholly independent of the claims adjudicated in his first § 2255 proceeding.  For that reason, his Rule 60(b) motion must be treated as a disguised § 2255 motion.

As noted above, in order to bring a second § 2255 motion, a federal prisoner must first obtain the certification of the relevant Court of Appeals, in this case, the Ninth Circuit Court of Appeals.  28 U.S.C. § 2255(h).  Movant has not obtained certification by

the Ninth Circuit Court of Appeals to file a second or successive § 2255 motion. Accordingly, the Court will deny the instant motion for lack of jurisdiction.

**IT IS ORDERED:**

(1)     Movant's Rule 60(b) motion (Doc. 981 in CR 89-178-004-PHX-GMS) is **denied** and the civil action opened in connection with this Motion (CV 13-2030-PHX-GMS (DKD)) is **dismissed without prejudice**.

(2)     The Clerk of Court must provide Movant with a copy of the form recommended by the Ninth Circuit Court of Appeals for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

Dated this 1st day of November, 2013.

_____
G. Murray Snow
United States District Judge

- 5 -

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## APPLICATION FOR LEAVE TO FILE SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2254 OR § 2255

Docket Number _____ (to be provided by court)

Petitioner's name _____

Prisoner registration number  _____

Address        _____
               _____
               _____
               _____

---

### Instructions - Read Carefully

1.  This application, whether handwritten or typewritten, must be legible and signed by the petitioner under penalty of perjury.  An original and five (5) copies must be provided to the Clerk.  The application must comply with 9th Circuit Rule 22-3, which is attached to this form.

2.  All questions must be answered concisely and in relationship to the questioned asked on this form.

3.  The petitioner **shall** serve a copy of this application and any attachments on respondent and must complete and file a proof of service with this application.

4.  The petitioner **shall** attach to this application copies of the magistrate judge's report and recommendation and the district court's opinion in any prior federal habeas proceeding under 28 U.S.C. § 2254 or § 2255 or state why such documents are unavailable to petitioner.

_____

This form has not been officially adopted by the Ninth Circuit Court of Appeals, but prisoners are encouraged to use this form to comply with Ninth Circuit Rule 22-3 pending the completion of official rule-making procedures.  Questions should be directed to the Office of Staff Attorneys, Motions/Pro Se Unit, (415) 556-9890

**You Must Answer the Following Questions:**

1.    What conviction(s) are you challenging?

_____

_____

2.    In what court(s) were you convicted of these crime(s)?

_____

_____

3.    What was the date of each of your conviction(s) and what is the length of each sentence?

_____

_____

**For questions (4) through (9), provide information separately for each of your previous section 2254 or 2255 proceedings.  Use additional pages if necessary.**

4.    With respect to **each** conviction and sentence, have you ever filed a petition or motion for habeas corpus relief in federal court under 28 U.S.C. § 2254 or § 2255?          Yes ☐      No ☐

(a) In which federal district court did you file a petition or motion?

_____

(b) What was the docket number?  _____

(c) On what date did you file the petition/motion?  _____

5.    What grounds were raised in your previous habeas proceeding? (list all grounds and issues previously raised in that petition/motion)

_____

_____

_____

_____

_____

_____

6.    Did the district court hold an evidentiary hearing?      Yes ☐      No ☐

2

7.    How did the district court rule on your petition/motion?

      a.    District court **dismissed** petition/motion,
             if yes, on what grounds?   _____

      ☐    District court **denied** petition/motion;

      ☐    District court **granted** relief;
             if yes, on what claims and what was the relief?
             _____

      (attach copies of all reports and orders issued by the district court)

8.    On what date did the district court decide your petition/motion?
      _____

9.    Did you file an appeal from that disposition?      Yes ☐      No ☐

      (a) What was the docket number of your appeal?   _____

      (b) How did the court of appeals decide your appeal?   _____

10.    State concisely each and every ground or issue you wish to raise in your
      current petition or motion for habeas relief.  Summarize briefly the facts
      supporting each ground or issue.
      _____
      _____
      _____
      _____
      _____
      _____
      _____
      _____
      _____

11.    For each ground raised, was it raised in the state courts?  If so, what did the
      state courts rule and when?

_____
_____
_____
_____

12.    For each ground/issue raised, was this claim raised in any prior federal petition/motion? (list each ground separately)

_____
_____
_____
_____

13.    For each ground/issue raised, does this claim rely on a new rule of constitutional law? (list each ground separately and give case name and citation for each new rule of law)

_____
_____
_____
_____
_____

14.    For each ground/issue raised, does this claim rely on newly discovered evidence? What is the evidence?  Why has this newly discovered evidence not been previously available to you?  (list each ground separately)

_____
_____
_____
_____
_____
_____
_____

15.    For each ground/issue raised, does the newly discovered evidence establish your innocence?  How?

_____
_____
_____
_____

16.	For each ground/issue raised, does the newly discovered evidence establish a
	federal constitutional error?  Which provision of the Constitution was
	violated and how?

	_____
	_____
	_____
	_____

17.	Provide any other basis for your motion not previously stated.

	_____
	_____
	_____
	_____

Signature:  _____ Date:  _____

## Proof of Service on Respondent MUST be Attached.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

95 Seventh Street
San Francisco, CA 94103

## NINTH CIRCUIT RULE 22-3

**(a) Applications.**
Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or an application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

The application must:

> (1) include a copy of the second or successive 2254 petition or 2255 motion which the applicant seeks to file in the district court; and

> (2) state as to each claim presented whether it previously has been raised in any state or federal court and, if so, the name of the court and the date of the order disposing of such claim(s); and

> (3) state how the requirements of sections 2244(b) or 2255 have been satisfied.

**(b) Excerpts of Record.**
If reasonably available to the petitioner, the application must include copies of all relevant state court orders and decisions and all dispositive district court orders in prior federal proceedings. If excerpts of record filed by petitioner are incomplete, respondent may file a supplemental excerpt of record.

**(c) Service.**
The petitioner must serve a copy of the application and all attachments on the respondent, and must attach a certificate of service to the application filed with the court.

**(d) Response.**
In noncapital cases, no response is required unless ordered by the court. In capital cases where an execution date is scheduled and no stay is in place, respondent shall respond to the application and file supplemental excerpts as soon as practicable. Otherwise, in capital cases, respondent shall respond and file supplemental excerpts within ten days of the date the application is served.

**(e) Decision.**
The application will be determined by a three-judge panel. In capital cases where an execution date is scheduled and no stay is in place, the court will grant or deny the application, and state its reasons therefore, as soon as practicable.

**(f) Stays of Execution.**
If an execution date is scheduled and no stay is in place, any judge may, if necessary, enter a stay of execution, see Circuit Rule 22-2(e), but the question will be presented to the panel as soon as practicable. If the court grants leave to file a second or successive application, the court shall stay petitioner's execution pending disposition of the second or successive petition by the district court.